UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHIE RIDDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:22-cv-39 |
| | ) |
| FERGUSON CONSTRUCTION CO. | ) |
| - INDIANA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Richie Riddle, brings this action against Defendant, Ferguson Construction Co. - Indiana, for unlawfully violating his rights protected by the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621, et. seq., the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

## PARTIES

2. At all times relevant to this action, Riddle resided within the Southern District of Indiana.

3. Defendant Ferguson Construction Co. - Indiana is a corporation doing business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 29 U.S.C. §626, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

5. Riddle was an "employee" as that term is defined by the ADEA, 29 U.S.C. §630(b), and an "eligible employee" under the ADA, 42 U.S.C. § 12111(4) and the FMLA, 29 U.S.C. § 2611(2)(a).

6. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendants to be disabled.

7. The Defendant is an "employer" as that term is defined by the ADEA, 29 U.S.C. §630(b), the ADA, 42 U.S.C. § 12111(5)(A) and the FMLA, 29 U.S.C. § 2611(4)(a).

8. Riddle exhausted his administrative remedies by filing charge numbered 470-2021-02248 with the U.S. Equal Employment Opportunity Commission against the Defendant and receiving the appropriate notice of suit rights. Riddle files the instant matter within ninety (90) days of receipt of said notice.

9. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Defendant Ferguson Construction Co. - Indiana hired Plaintiff Richie Riddle on February 11, 2019 as a superintendent/supervisor.

11. Since January 1, 2020, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the facility at which Plaintiff worked.

12. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding September 9, 2020.

13. Riddle's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

14. Riddle was forty years of age at the time Defendant terminated him.

15. Riddle suffers from physical impairment of his hip, which substantially limits one or more of his major life activities, including but not limited to walking, and affects his musculo-skeletal function.

16. Riddle's impairment is not transitory or minor, and lasts longer than six months.

17. Riddle is a qualified individual with a disability, is regarded as disabled by the Respondent, and/or has a record of a disability.

18. Riddle's hip impairment constitutes a serious health condition that required him to take leave under the Family and Medical Leave Act for treatment.

19. In July 2020 Riddle informed his direct supervisor, General Manager Clay Smith and Human Resources Director Tom Bergman that he suffered from a hip impairment.

20. In August, Riddle told Smith and Bergman that he was being scheduled for a hip replacement for which he would need time off work.

21. Riddle requested and received leave under the FMLA for his surgery follow-up treatment and recuperation from September 9, 2020 through January 11, 2021.

22. Riddle's requests for reasonable accommodations constituted protected activities under the Americans with Disabilities Act.

23. In December 2020, Bergman told Riddle he would be a laborer when her returned and would not be a supervisor. Upon Riddle's return to work, Defendant demoted him in authority and function by having him report to IT Supervisor in training Brad Sharp, age 28, whom Riddle had recruited to work for Defendant.

24. During or around the time that Riddle was off work due to his disability, Defendant promoted carpenter Jason Lindeman to be the Field Resource Manager. The position was not posted.

25. On March 19, 2021, Smith and Lindeman met with Riddle, and Smith told Riddle he was being terminated, purportedly due to performance issues. This was pretext for unlawful discrimination and/or retaliation.

26. Similarly-situated younger employees, non-disabled employees, and/or employees who have not taken leave under the FMLA have been treated more favorably than Riddle in promotions, the terms and conditions of employment, and discipline.

27. Defendant replaced Riddle with a less qualified and significantly younger non-disabled individual who had not requested and taken FMLA.

28. Riddle has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

**LEGAL ALLEGATIONS**
**Count I: Age Discrimination**

29. Riddle incorporates paragraphs one (1) through twenty-eight (28) of his Complaint herein.

30. Defendant intentionally and willfully discriminated against Riddle because of his age.

31. Similarly-situated younger employees have been treated more favorably than Riddle in the terms, conditions, and privileges of their employment.

32. The reason put forth by Defendant for terminating Riddle is pretextual.

### Count II: ADA Violations

33. Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34. Defendant unlawfully terminated Riddle based on his disability, record of disability, or, alternatively, because Defendant regarded Riddle as disabled.

35. Plaintiff requested reasonable accommodation(s).

36. Plaintiff's request(s) for reasonable accommodation(s) constitute statutorily protected activity.

37. Defendants subjected Plaintiff to disparate treatment in retaliation for requesting reasonable accommodation(s).

38. Defendant's stated reasons for terminating Riddle are pretextual.

39. Defendant's discrimination against Riddle was done in reckless disregard for Riddle's federally protected rights.

40. Defendants' actions caused Riddle both emotional and economic harm.

41. Defendants' intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## Count III: FMLA Retaliation

42. Riddle incorporates all of the allegations set forth in paragraphs one (1) through forty-one (41) of this Complaint.

43. Riddle properly notified Defendant of his need for leave for FMLA-qualifying reasons.

44. Defendant unlawfully discriminated against and retaliated against Riddle in violation of the FMLA.

45. Defendant terminated Riddle in retaliation for his exercising of rights under the FMLA.

46. Retaliation by Defendant against Riddle violated the FMLA, 29 U.S.C. §2615(a) by discriminating against him due to his attempts to exercise rights under the FMLA.

47. Actions by Defendant were intentional, willful, done in bad faith, and in reckless disregard of Riddle's federally protected rights under the FMLA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Richie Riddle, respectfully requests that this Court enter judgment in his favor and provide him the following relief:

1. Reinstatement to his prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADEA, ADA, and FMLA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. Liquidated damages for Defendants' intentional violations of the ADEA and FMLA;

6. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief to which he is entitled.

    Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:   jhaskin@jhaskinlaw.com
E-Mail:   plogan@jhaskinlaw.com
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Richie Riddle, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
E-Mail: jhaskin@jhaskinlaw.com
E-Mail: plogan@jhaskinlaw.com
Attorney for Plaintiff