UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHIE RIDDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:22-cv-39-SEB-TAB |
| | ) |
| FERGUSON CONSTRUCTION CO. - INDIANA | ) |
| | ) |
| Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

     A.    Plaintiff:    Richie Riddle

          Plaintiff's Counsel:    John H. Haskin, 7576-47
Paul A. Logan, 17661-01
John H. Haskin & Associates
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone: 317-955-9500
Fax: 317-955-2570
jhaskin@jhaskinlaw.com
plogan@jhaskinlaw.com

     B.    Defendant:    Ferguson Construction Co. – Indiana

          Defendant's Counsel:  Blake J. Burgan, #18350-49
Kristine A. Gordon, #35238-71
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: 317-713-3500
Fax: 317-713-3699
bburgan@taftlaw.com
kgordon@taftlaw.com

Counsel will file a notice with the Clerk if there is any change in this information.

**II.     Jurisdiction and Statement of Claims**

   A.   The parties agree that this Court has subject matter jurisdiction over this case under 42 U.S.C. 12117, 28 U.S.C. 1331, and 29 U.S.C. 2617(a).

   B.   Plaintiff, Richie Riddle, brings this action against Defendant, Ferguson Construction Co. - Indiana, for unlawfully violating his rights protected by the Age Discrimination in Employment Act of 1967 ( "ADEA"), the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). He contends that the Defendant demoted and terminated him due to his age, disability, and/or use of FMLA leave.

   C.   Ferguson did discriminate against Plaintiff because of his alleged disability or age, nor did Ferguson terminate Plaintiff's employment in retaliation for requesting a disability accommodation. Rather, Ferguson terminated Plaintiff's employment because of his poor performance issues and his failure to meet Ferguson's legitimate performance expectations.

**III.    Pretrial Pleadings and Disclosures**

   A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **May 9, 2022**.

   B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before **May 16, 2022**.

   C.   Defendant(s) shall file preliminary witness and exhibit lists on or before **May 23, 2022**.

   D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **June 7, 2022**.

   E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **June 7, 2022**.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within **30 days after receipt of the proposal**.

   F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 9, 2023**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 8, 2023**; or if

        Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **February 7, 2023**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **May 10, 2023**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **March 7, 2023**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.

        The parties anticipate that this case will involve very limited ESI and do not anticipate problems in connection with the discovery of ESI. The information to be sought during discovery will likely include, but will not necessarily be limited to, the following: Plaintiff's personnel records and other documents related to Plaintiff's employment; communications between Plaintiff and employees/agents of Defendant; and documents related to Plaintiff's alleged damages.

        The parties further agree to the following:

1. The parties will preserve all relevant ESI.

2. The parties will produce ESI in hard copy form and/or electronic form (*e.g.* on a disc, by email, or by other electronic method), depending on the nature and size of the documents being produced.

The parties adopt the Court's suggested claw back provision, as follows:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.  Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? **Yes.**

          a.  Ferguson believes that this matter is appropriate for summary judgment regarding Plaintiff's claims because there are no facts suggesting Plaintiff was

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

4

        discriminated against on the basis of age or disability. Furthermore, there are no facts suggesting that Ferguson retaliated against Plaintiff for seeking a disability accommodation. Plaintiff simply cannot establish a *prima facie* case of discrimination or retaliation.

B.     On or before **November 14, 2022**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.     Select the track that best suits this case:

    \_\_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

    **X** Track 2: Dispositive motions are expected and shall be filed by **January 9, 2023**; non-expert witness discovery and discovery relating to liability issues shall be completed by **November 7, 2022**; expert witness discovery and discovery relating to damages shall be completed **April 7, 2023**. All remaining discovery shall be completed by no later than 16 months from Anchor Date. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

    \_\_\_\_\_ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.     <u>**Pre-Trial/Settlement Conferences**</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the**

**Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in September 2022.**

VI.  **Trial Date**

The parties request a trial date in **September 2023**. The trial is by jury and is anticipated to take **3 days**.

VII.  **Referral to Magistrate Judge**

  A.  **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

  B.  **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.  **Required Pre-Trial Preparation**

  A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

   2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3.  Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

   2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

   3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

7

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

N/A

Respectfully submitted,

*/s/Paul A. Logan*
John H. Haskin, 7576-47
Paul A. Logan, 17661-01
John H. Haskin & Associates
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone: 317-955-9500
Fax: 317-955-2570
jhaskin@jhaskinlaw.com
plogan@jhaskinlaw.com
*Counsel for Plaintiff*
*Richie Riddle*

*/s/Blake J. Burgan*
Blake J. Burgan, #18350-49
Kristine A. GOrdon, #35238-71
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax
bburgan@taftlaw.com
kgordon@taftlaw.com

*Counsel for Defendant*
*Ferguson Construction Co. – Indiana*

8

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**